UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EVAN PETROS, | Case No. 13-11745 |
| Plaintiff, | Stephen J. Murphy III |
| v. | United States District Judge |
| AG LINING, INC., | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION
PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS,
EXPERT FEES AND LITIGATION EXPENSES (Dkt. 20)**

**I.    PROCEDURAL HISTORY**

Plaintiff filed her complaint on April 18, 2013.  (Dkt. 1).  The complaint sought injunctive relief and attorney's fees and costs pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*  On January 17, 2014, defendant filed an offer of judgment, which stated "Defendant agrees to pay reasonable attorney fees, and costs accrued in this action to the date of the entry of this Judgment."  (Dkt. 16).  Plaintiff filed her notice of acceptance of defendant's offer of judgment on January 20, 2014 (Dkt. 17), and the Court entered Judgment in favor of plaintiff on February 9, 2014.  (Dkt. 18).

Plaintiff now seeks an award of attorney fees and costs pursuant to Federal Rule of Civil Procedure 54(d)(2), and filed her motion for attorney fees, costs,

1

expert fees and litigation expenses on February 10, 2014. (Dkt. 20). On February 11, 2014, defendant filed an offer of judgment pursuant to Rule 68 in the amount of $5,000.00 "for all of plaintiff's expenses accrued in this action including attorneys' fees, expert fees, paralegal fees and any other costs and litigation expenses arising from this action." (Dkt. 22). Plaintiff did not accept the offer of judgment and, on March 14, 2014, defendant filed its response to plaintiff's motion for attorney's fees, requesting that the Court deny plaintiff's motion and rule in favor of defendant's offer of judgment in the amount of $5,000.00. (Dkt. 24). Plaintiff's motion was referred to the undersigned for report and recommendation (Dkt. 21), and the parties were notified that, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the motion would be determined without oral argument. (Dkt. 23). This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for attorney's fees be **GRANTED IN PART**, and that fees and costs in the amount of **$14,098.13** be **AWARDED** to plaintiff.

## II.     ANALYSIS AND CONCLUSIONS

### A.     Legal Standard

42 U.S.C. § 12205 provides that "[t]he court . . . , in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation

expenses, and costs." To recover attorney's fees, a plaintiff must be a "prevailing party," which requires plaintiff to "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties," *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989), such that "the defendant's behavior [is modified] in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). Where a settlement agreement requires the defendant to modify the premises in question in order to comply with the requirements of the ADA, the plaintiff is, by definition, a "prevailing party" for purposes of the ADA provision permitting the Court to award fees to the "prevailing party" in an ADA lawsuit. *See* 42 U.S.C. § 12205; *Farrar*, 506 U.S. at 113 (pointing out that a "material alteration of the legal relationship between the parties occurs [when] the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant"); *Disabled Patriots of America, Inc. v. Reserve Hotel, Ltd.*, 659 F. Supp.2d 877, 884 (N.D. Ohio 2009) (plaintiff was a prevailing party where the settlement agreement required defendant to modify the premises to comply with the requirements of the ADA). The parties agree that plaintiff here is a "prevailing party."

**B.     Amount of Fees and Costs**

Plaintiff seeks attorney's fees and costs in the amount of $17,577.63. (Dkt. 20). In support of her motion, plaintiff submits a time sheet to date of time spent by plaintiff's attorney and paralegal on this matter, a curriculum vitae of the expert retained on this case, and a copy of the work produced by that expert with an invoice. (Dkt. 20-1, 20-2, 20-3). Defendant does not dispute that plaintiff is entitled to some amount of attorney's fees in this action, but argues that any award of fees and costs should be limited to the amount of defendant's offer of judgment, $5,000.00. (Dkt. 24).

The parties agree that the "lodestar" method is the "proper method for determining the amount of reasonable attorney's fees." *Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995) (citations omitted). This approach involves two steps. First, the court calculates the "lodestar" by multiplying "the hours spent on a case by a reasonable hourly rate of compensation for each attorney involved." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (1986). Second, the court "may then, within limits, adjust the 'lodestar' to reflect relevant considerations peculiar to the subject litigation." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citing *Hensley*, 461 U.S. at 433;

4

*Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)).[1]  Generally, the goal is to award a fee that is adequate to attract competent counsel without creating a windfall for lawyers.  *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004); *Reed*, 179 F.3d at 471.  Plaintiff has the burden of documenting the amount of fees he is requesting.  *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 617 (6th Cir. 2007).

### 1. Reasonable hourly rates

A reasonable hourly rate is generally calculated according to the "prevailing market rates in the relevant community."  *Blum v. Stenson*, 465 U.S. 886, 897 (1984).  Under Sixth Circuit law, "the 'prevailing market rate' is that rate which lawyers of comparable skill and experience can expect to command within the venue of the court of record, rather than foreign counsel's typical charge for work

---

[1] Plaintiff cites the factors first set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974): (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *See Reed*, 179 F.3d at 471 n.1 (citing *Johnson*, 488 F.2d at 717-19).  However, the Sixth Circuit has found "that merely providing a check list of factors to consider does not lead to consistent results, or in many cases, reasonable fees."  *Northcross v. Bd. of Educ. of Memphis City Schs.*, 611 F.2d 624, 642 (6th Cir. 1979).  The court concluded "that an analytical approach, grounded in the number of hours expended on the case, will take into account all the relevant factors, and will lead to a reasonable result."  *Id.*; *see also Hensley*, 461 U.S. at 434 n.9 (noting that "many of [the *Johnson*] factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.").  Therefore, as these considerations are already factored into the lodestar by its inclusion of the reasonable market rate for a competent attorney in the relevant community, the undersigned need not go through a lengthy analysis of all twelve factors.

performed within a geographical area where he maintains his office. . . ." *Adcock-Ladd*, 227 F.3d at 350. The Sixth Circuit has further held that "[t]he appropriate rate . . . is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation." *Sykes v. Anderson*, 419 Fed. Appx. 615, 618 (6th Cir. 2011) (quoting *Gonter*, 510 F.3d at 618 (district court did not abuse its discretion by choosing billing rate that fell about halfway between the parties' requested rates)); *see also Coulter v. Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986) (reviewing 131 attorney fee shifting statutes and noting "[t]he statutes use the words 'reasonable' fees, not 'liberal' fees. Such fees are different from the prices charged to well-to-do clients by the most noted lawyers and renowned firms in a region. Under these statutes a renowned lawyer who customarily receives $250 an hour in a field in which competent and experienced lawyers in the region normally receive $85 an hour should be compensated at the lower rate.").

Prevailing attorneys must justify the reasonableness of a requested fee award. *Blum*, 465 U.S. at 896 n.11. "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.*; *see also Reed*, 179

F.3d at 472 (the party requesting the fee award bears the burden to produce evidence in support of the rates claimed).

Here, the relevant community is the Eastern District of Michigan. *See Adcock-Ladd*, 227 F.3d at 350 (the "relevant community" is the legal community within the court's territorial jurisdiction). Plaintiff submits an hourly rate of $425 for attorney time and $115 for paralegal time. (Dkt. 20). Defendant asserts that plaintiff's counsel's hourly rate is excessive, and that his hourly rate should be $230.00 an hour, which reflects the median billing rate for a civil rights attorney according to the State Bar of Michigan's 2010 "Economics of Law Practice Survey," or $300.00 an hour pursuant to *Disabled Patriots of America v. Romulus Nights, Inc.*, 2005 WL 3132206 (E.D. Mich. Nov. 22, 2005) (awarding fees under 42 U.S.C. § 12205 and holding $300.00 an hour was a reasonable hourly rate when plaintiff requested $325.00 an hour). (Dkt. 24).

The undersigned notes that Michigan federal courts routinely use the State Bar of Michigan Survey[2] as evidence of a reasonable billing rate in this district. *See Garrett v. Gila LLC*, 2012 WL 6642522, at *4 (E.D. Mich. Dec. 20, 2012) (collecting cases); *O'Connor v. Trans Union, LLC*, 2008 WL 4910670, at *6 (E.D. Mich. Nov. 13, 2008) ("District courts have relied on the State Bar of Michigan

---

[2] Available at www.michbar.org/pmrc/articles/0000146.pdf.

7

Economics of Law Practice Survey to determine average billing rates in Michigan, and the Sixth Circuit has approved this practice."). The State Bar Survey provides information regarding attorney fees in Michigan based on location, area of practice, and firm size. According to the 2010 Survey, the median billing hourly rate for civil rights attorneys is $230.00, the 75th percentile hourly rate is $325.00, and the 95th percentile rate is $450.00. The median hourly billing rate for attorneys with 11 to 15 years of experience is $211, the 75th percentile hourly billing rate is $265, and the 95th percentile rate is $400.

It is plaintiff's burden, as the moving party, to establish a basis for her attorney's fees and the reasonableness of her attorney's claimed hourly rates. *See Blum*, 465 U.S. at 596 n.11; *see also Reed*, 179 F.3d at 472 ("The party seeking attorneys fees bears the burden of documenting his entitlement to the award."). Plaintiff failed to cite to the 2010 Survey in her motion and failed to attach an affidavit to her motion in support of her claimed fees. Plaintiff instead simply asserts in her motion that her attorney has over thirteen years of experience as a trial lawyer and cites to other cases, some in this jurisdiction and some in other jurisdictions, awarding attorney fees ranging from $350.00 an hour to $425.00 an hour. (Dkt. 20).[3] While plaintiff's attorney might very well be able to command

---

[3] Plaintiff only cites to two cases from this district in support of her fee request. In *Petros v. US 23 Drive Inn*, 12-14975, the court granted default judgment which included an uncontested award of attorneys fees at a requested hourly rate of $425.00, and in *Petros v. Benjamin*, 12-

8

rates of up $425 per hour in the open market for legal services, the test for awarding fees is not primarily the worth of the attorney performing the services. *See Gonter*, 510 F.3d at 618. Rather, the standard is a rate that is sufficient to encourage competent attorneys in the relevant community to undertake the representation of similarly-situated plaintiffs. *Id.* Considering all of these factors, the undersigned suggests that **$350.00** per hour is a reasonable billing rate for plaintiff's attorney, based on his years of experience. Plaintiff argues that because the fee in this action is contingent, the Court should award a higher range of rates to account for the length of time and uncertainty that counsel would be paid at all. However, the United States Supreme Court in *City of Burlington v. Dague*, 505 U.S. 557 (1992) held that "enhancement [of fees] for contingency is not permitted under the fee-shifting statutes at issue." *Id.* at 566-67; *see also Perdue v. Kenny A.*, 559 U.S. 542, 557-58 (2010) (lower court erred in relying on the "contingency of the outcome" is awarding fees under § 1988). Thus, enhancement of the fee based on contingency is denied. Defendant does not object to the hourly rate submitted by the paralegal who represented plaintiff in this matter and that rate, **$115** an hour, is therefore deemed reasonable.

---

15602, plaintiff sought attorneys fees at an hourly rate of $425.00, but the court found $350.00 to be a reasonable hourly rate for plaintiff's attorney.

### 2. Number of hours billed

Plaintiff claims to have billed 34.0 hours in attorney time to this matter, and 2.8 hours of paralegal time. (Dkt. 20-1). Defendant argues that the attorney-time number is not accurate, noting that plaintiff filed five lawsuits (including the instant suit) involving the same issue during the course of two weeks in the month of April, and that plaintiff used a "copy and paste" method of filing documents in the five cases, which defendant asserts "raises a huge red flag" regarding the number of hours claimed. (Dkt. 24). Defendant further complains that plaintiff did not reduce his hours billed for travel time to and from Michigan (12.0 hours billed on 8/6/12), "when his time was split amongst five cases." (Dkt. 24).

As the Sixth Circuit explained:

> The key requirement for an award of attorney fees is that the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation. However, entries may be sufficient even if the description for each entry is not explicitly detailed.

*United States ex rel. Lefan v. Gen. Elec. Co.*, 397 Fed. Appx. 144, 148-49 (6th Cir. 2010). It is plaintiffs' burden to document "the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. "Where documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 433. And,

10

where the application for fees is voluminous, the court may order an across-the-board reduction in compensable hours. *See Communities for Equity v. Michigan High Sch. Athletic Ass'n*, 2008 WL 906031, at *4 (W.D. Mich. Mar. 31, 2008) (citation omitted). While "counsel need not 'record in great detail' each minute he or she spent on an item . . . 'the general subject matter should be identified' [and the billing entries have to be] read in the context of the billing statement as a whole and in conjunction with the timeline of the litigation." *Imwalle v. Reliance Med. Products, Inc.*, 515 F.3d 531, 553-54 (6th Cir. 2008).

The undersigned finds that defendant has not offered any evidence, other than its own supposition, that plaintiff traveled to Michigan on August 6, 2012 in regards to any case other than the instant one, or that plaintiff's attorney's hours are otherwise improper or excessive. Defendant complains that the requested hours should be reduced because plaintiff's attorney uses a "copy and paste" method of filing documents, but plaintiff explains that he has developed forms and procedures aimed at reducing the number of hours incurred in this case, and cites, as an example, that a complaint that would normally require 20-50 hours to generate only requires 2-4 hours of firm time. (Dkt. 20). Indeed, plaintiff's attorney billed 2.3 hours to draft the complaint in this matter. (Dkt. 20-1). Accordingly, the undersigned concludes that plaintiff's claimed hours are not unreasonable and no reduction in the number of hours billed is necessary. Thus,

plaintiff may recover fees totaling **$14,098.13**, which represents 34 attorney hours billed at $350/hour, and 2.8 paralegal hours billed at $115/hour.

### 3. Costs, Litigation Expenses and Expert Fees

Plaintiff seeks $929.00 in costs and litigation expenses and $1,876.13 in expert fees. (Dkt. 20). Plaintiff asserts that she is entitled to costs pursuant to 28 U.S.C. § 1920 and 42 U.S.C. § 1988. *Id.* Defendant states that it "will pay for expert fees, cost and litigation expenses, which have been properly billed and are deemed reasonable and recoverable by this Honorable Court in the amount of $5,000.00," but does not otherwise address whether plaintiff's requested costs, litigation expenses and expert fees are reasonable or recoverable. (Dkt. 24).

The costs and expenses awarded to a prevailing party must be reasonable. *Disabled Patriots of America*, 659 F. Supp.2d at 886. In civil rights cases generally, the Sixth Circuit divides recoverable expenses into two categories: (1) those within the penumbra of attorney's fees, *i.e.*, "incidental and necessary expenses incurred in furnishing effective and competent representation," and thus recoverable pursuant to 42 U.S.C. § 1988, and (2) costs incurred by a party to be paid to a third party other than the attorney, which are recognized as recoverable pursuant to 28 U.S.C. § 1920. *See Northcross*, 611 F.2d at 639. Photocopying, paralegal expenses, travel costs and telephone bills fall into the first category; docket fees, investigation expenses, deposition expenses, witness expenses, and

12

costs of demonstrative exhibits fall into the second category. *Id.*

The undersigned notes that plaintiff has failed to provide **any** support for her request for costs and litigation expenses in the amount of $929.00. Plaintiff did not provide an invoice of expenses and costs or any other documentation in support of her claim for such costs, and thus it is impossible for the Court to assess whether any such costs and expenses are recoverable or reasonable. Plaintiff also failed to file a bill of costs within 28 days after entry of judgment, as required by Local Rule 54.1. E.D. Mich. L.R. 54.1. Accordingly, plaintiff's request for costs and litigation expenses in the amount of $929.00 is denied. However, the undersigned suggests that plaintiff's request for expert fees, which has not been challenged by defendant, is reasonable on its face, and accordingly will award expert fees expenses in the amount of **$1876.13**. *See* 42 U.S.C. § 12205 (allowing plaintiff to recover reasonable fees paid to expert witnesses).

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiffs' motion for attorney's fees and costs be **GRANTED in part**, and that plaintiff be **AWARDED** a total of **$14,098.13** in attorney's fees and costs, as specified in this Report and Recommendation.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service,

13

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 4, 2014                           s/Michael Hluchaniuk
                                              Michael Hluchaniuk
                                              United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on April 4, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Steven M. Hyder, Pete M. Monismith, Steven W. Reifman and Venar R. Ayar</u>.

                                               s/Tammy Hallwood
                                               Case Manager
                                               (810) 341-7887
                                               tammy_hallwood@mied.uscourts.gov