UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVAN PETROS,

    Plaintiff,                               Case No. 13-cv-11745

v.                                          HONORABLE STEPHEN J. MURPHY, III

AG LINING, INC.,

    Defendant.

_____/

**ORDER GRANTING IN PART AND
OVERRULING IN PART OBJECTIONS, ADOPTING REPORT AND
RECOMMENDATION IN PART** (document no. 25), **AND GRANTING IN PART
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS** (document no. 20)

This is an Americans with Disabilities Act ("ADA") case. On January 17, 2014, Defendant AG Lining, Inc. filed an offer of judgment, which stated, "Defendant agrees to pay reasonable attorney fees, and costs accrued in this action to the date of the entry of this Judgment." Offer of J., ECF No. 16. Petros filed his notice of acceptance of this offer on January 20, 2014, Notice of Acceptance, ECF No. 17, and the Court entered Judgment in favor of Petros on February 9, 2014. J., ECF No. 19.

On February 10, 2014, Petros filed the instant motion for attorney's fees and costs pursuant to Civil Rule 54(d)(2). The Court referred the motion to a United States Magistrate Judge. On April 4, 2014, the magistrate judge issued a Report and Recommendation ("Report"), recommending that the motion be granted in part and reducing the amount of attorney's fees and costs requested by Plaintiffs.

AG Lining has filed five timely objections challenging various aspects of the Report. Civil Rule 72 does not require the Court to hold a hearing when reviewing a magistrate judge's findings. Fed. R. Civ. P. 72; *United States v. Raddatz*, 447 U.S. 667, 674 (1980)

(holding 28 U.S.C. § 636 did not require a hearing for de novo review of a magistrate's findings); *see also Estate of Wyatt v. WAMU/JP Morgan Chase Bank*, No. 09-14919, 2012 WL 1622897 (E.D. Mich. May 9, 2012). After examining the record and considering AG Lining's objections de novo, the Court concludes that its objections, save one, do not have merit.[1] Accordingly, the Court will adopt the Report in part, and grant the motion for attorney's fees and costs to the extent recommended by the Report except to reduce the amount of attorney's fees to exclude fees for the time period for which the parties stipulated to omit them.

## STANDARD OF REVIEW

Civil Rule 72 provides that a party's specific written objections to a magistrate judge's Report filed within fourteen days of service are entitled to de novo review. *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

42 U.S.C. § 12205 provides that "[t]he court . . . , in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses and costs."[2]

## BACKGROUND

Petros seeks attorney's fees and costs in the amount of $17,577.63. At the time that the motion was before the magistrate judge, AG Lining did not dispute that Petros was entitled to some attorney's fees, but argued that any award of fees and costs should be limited to the amount in its offer of judgment, which is $5,000.00.

---

[1] Petros did not file a response to the objections.

[2] The parties agree that Petros is a "prevailing party."

Petros' counsel seeks an hourly rate of $425.00 for himself and $115.00 for his paralegal. Considering the materials presented by Petros, the State Bar of Michigan survey, which is regularly used as evidence of a reasonable billing rate in this district, cases presented from this district and elsewhere, and counsel's thirteen years of experience, the magistrate judge recommended that $350.00 per hour is a reasonable billing rate for Petros' counsel. Report and Recommendation Mot. for Attorney Fees, Costs, Expert Fees, & Litigation Expenses ("Report') 7-9, ECF No. 20. AG Lining did not object to the $115.00 hourly rate for the paralegal and the magistrate judge determined that it is reasonable. *Id.* at 9.

Petros' counsel claims to have billed 34.0 hours in attorney time and 2.8 hours in paralegal time. The magistrate judge rejected AG Lining's assertions that the hours were improper or excessive, determined that the claimed hours were reasonable, and found no reduction necessary. *Id.* at 10-11.

Petros' counsel seeks $929.00 in costs and litigation expenses as well as $1,876.13 in expert fees. The magistrate judge noted that AG Lining did not address the reasonableness or possibility of recovery for these costs, expenses, and expert fees other than to state that it will pay for those that were properly billed. *Id.* at 12. The magistrate judge denied the request for costs and litigation expenses because Petros failed to provide any support for those requests. *Id.* at 13. The magistrate judge determined that the request for expert fees, which AG Lining did not challenge, is reasonable on its face and should be awarded. *Id.*

The magistrate judge recommended that Petros be awarded $14,098.13 in attorney's fees and costs. *Id.*

**DISCUSSION**

AG Lining claims it has raised two objections, but it really has raised five, which the Court will address in turn. It also presents two new proposals for what it believes the proper award should be, which are for $1,711.00 and for $6,619.63, respectively.

I. <u>Attorney Hourly Rate</u>

AG Lining objects that the hourly rate of $425.00 is too high and argues that it should be no higher than $300.00 per hour.

The "lodestar" method is the "proper method for determining the amount of reasonable attorney's fees." *Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995) (internal citations omitted). This approach involves two steps. First, the court calculates the "lodestar" by multiplying "the hours spent on a case by a reasonable hourly rate of compensation for each attorney involved." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (1986). Then, the court "may then, within limits, adjust the 'lodestar' to reflect relevant considerations peculiar to the subject litigation." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). Plaintiff has the burden of documenting the amount of fees he or she is requesting. *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 617 (6th Cir. 2007).

A reasonable hourly rate is generally calculated according to the "prevailing market rates in the relevant community." *Blum v. Stenson,* 465 U.S. 886, 895 (1984). Under Sixth Circuit law, the prevailing market rate "is that rate which lawyers of comparable skill and experience can expect to command within the venue of the court of record, rather than foreign counsel's typical charge for work performed within a geographical area where he maintains his office." *Adcock-Ladd*, 227 F.3d at 350. "The appropriate rate, therefore, is not

necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation." *Gonter*, 510 F.3d at 618. "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence -in addition to the attorney's own affidavits- that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonable comparable skill, experience and reputation." *Blum*, 465 U.S. at 896 n.11.

It is undisputed that the relevant legal community is the Eastern District of Michigan. The magistrate judge properly concluded that $350.00 per hour is a reasonable rate for Petros' attorney. The magistrate judge correctly considered the 2010 Michigan Bar Survey which states that the median billing hourly rate for civil rights attorneys is $230.00 per hour and the 75th percentile rate is $325.00. The magistrate judge also noted that the Michigan Bar Survey concluded that the median hourly rate for attorneys with 11 to 15 years of experience is $211.00 and that the 75th percentile is $265.00. Nevertheless, the rate at bar is also supported by counsel's previous fee awards in this district for similar litigation of $425.00[3] and $350.00. AG Lining fails to acknowledge these earlier awards when arguing that counsel is entitled to no more than $300.00 per hour. Accordingly, the objection is overruled.

II. <u>Violation of the Michigan Rules of Professional Conduct</u>

AG Lining now argues for the first time that the attorney's fee should be reduced because counsel did not communicate the basis or rate of the fee and expenses for which he will be responsible, preferably in writing, before or within a reasonable time after

---

[3] The Court notes that this award was granted after entry of a default judgment.

commencing the representation. This argument is wholly speculative. Although the bill provided by Petros' counsel indicates that he received and reviewed the fee agreement on December 1, 2012, even though he first worked on the case the previous July, there is no indication that earlier communications regarding the fee or the representation never occurred. AG Lining has not presented a valid basis on which to reduce the fee award and the objection will be overruled.

III.     Travel Time

AG Lining argues that counsel overstated his travel time because he undertook the travel to Michigan to work on more than one case. "'[T]ravel time is ordinarily billable and therefore appropriately included in an award of attorney's fees . . . 'when the requested time is reasonable.'" *Caudill v. Sears Transition Pay Plan*, No. 06-cv-12866, 2011 WL 1595044, at *15 (E.D. Mich. April 26, 2011) (quoting *Smith v. Columbia Gas of Ohio Grp. Med. Benefit Plan*, No. 06-cv-00708, 2010 WL 319953, at *8 (S.D. Ohio Jan. 20, 2010)). The Court agrees with the magistrate judge that AG Lining has not provided any support for its theory other than its own supposition. As a result, this objection will be overruled.

IV.     Administrative Rate

AG Lining argues that several of the tasks that counsel completed, including determining ownership of the property, drafting the civil cover sheet, summon, and entry of appearance of local counsel, filings, and emails to local counsel should be billed at the paralegal rate because they do not require substantive legal knowledge to complete.

Nevertheless, the Court finds that the tasks listed are all properly compensable for an attorney. Accordingly, this objection is overruled.[4]

V.  The Stipulated Order

On January 1, 2014, the parties entered into a stipulated order to stay proceedings. Stipulated Order to Stay Proceedings, ECF No. 14. The parties agreed to "stop the accrual of any additional attorney fees, litigation expenses and costs as of November 25, 2013" so that they could negotiate regarding those already incurred as of that date. *Id.* Nevertheless, Petros' counsel billed 3.6 hours of time after that date. Awarding fees for this time period would violate the parties' agreement. Accordingly, the fee award for the attorney must be reduced to $10,640 to remove fees for those 3.6 hours.

## CONCLUSION

The award of attorney's fees and costs made by the magistrate judge is reasonable. The magistrate judge, however, was not presented with the information that Petros' counsel violated a stipulation not to bill after November 25, 2013. Accordingly, the Court will grant AG Lining's objection and reduce the attorney's fee award. As a result, the Court will award a total of $12,838.13 in fees and costs to Petros. The Court will overrule AG Lining's remaining objections and need not further consider the two alternative recommendations it set forth regarding the amount of the award. Accordingly, the Report is adopted except to the calculation of attorney's fees.

---

[4] AG Lining also mentions in passing that counsel "billed twice" for the drafting of the summons. The Court finds that this billing is not disingenuous because counsel may have had to re-draft the document based on new information about the case, especially since the billed tasks took place six months apart. Thus, the objection is also overruled.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that AG Linings' objection (document no. 26) is **GRANTED IN PART AND OVERRULED IN PART** and the magistrate judge's Report (document no. 25) is **ADOPTED IN PART AND REJECTED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for attorney's fees and costs (document no. 20) is **GRANTED IN PART** and **DENIED IN PART** as set forth above.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 15, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 15, 2014, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager